UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANA CANEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNIS CHAPMAN, in his Individual )<br>capacity as Deputy for the Elkhart County )<br>Sheriff Department, and MARK DAGGY, )<br>in his individual capacity as Officer for )<br>the Elkhart Police Department, )<br>)<br>Defendants. ) | Case Number: 3:14-CV-00315 |

## AFFIDAVIT OF JOEL BOURDON

I, Joel Bourdon, am over 18 years of age and have personal knowledge of the matters asserted in this affidavit.

1.) I have been employed as a detective technician with the City of Elkhart Police Department and hold the rank of Lieutenant and have worked for the Elkhart Police Department since April 1987.

2.) As part of my duties as a detective technician, I was called upon to gather and process evidence at crime scenes.

3.) On the morning of November 29, 2002, I was requested by my superior officer, Lt. Posthuma, at the direction of Lt. Thomas Lerner, to perform a crime scene investigation at 303 Waterfall Drive, apartment 1002, the Waterfall Apartment building in Elkhart, Indiana, regarding the unnatural looking death of

EXHIBIT 6

Helen Sailor, whose body was found inside her locked apartment. I gathered, processed and photographed evidence from the crime scene, including items found on the kitchen counter and stove in the apartment, which included a plastic tray or tub containing medicine bottles and I made detailed reports of what I did.

4.) Attached to my affidavit as Exhibit A, is an accurate copy of my ten page Case Supplemental Report dated 3/24/03, which I prepared and which accurately states what I observed, and the actions I performed in my investigation and processing of evidence in the Sailor murder case from November 29, 2002 to December 14, 2002.

5.) On May 8, 2003, at the request of the investigating detectives assigned to the case, I sent items of evidence, including clothing, hair, blood, fingernail clippings, liquid substance, saliva swabs and adhesive lifters of fingerprint impressions and foot impressions that I had gathered from Sailor's apartment, to the Indiana State Police Laboratory requesting serology examinations, DNA tests and submit any unknown contributors to the Combined DNA Index System known as "CODIS." I also requested Finger/palm print examinations and impression comparisons and entering any unidentified prints into the Automated Fingerprint Identification System "AFIS." Attached to my affidavit as Exhibit B is an accurate copy of that five page request.

6.) On August 27 and 28, 2003, at the request of Lt. Peggy Snider of the Elkhart Police Department's Homicide Unit, I processed the items recovered from the kitchen counter and stove in Sailor's apartment, including the plastic tub for any

latent impressions. These items had not been processed for prints prior to the Indiana State Police Laboratory request submitted on May 8, 2003.

7.) After I completed the August 27-28, 2003 processing, which included a lift of a print from the plastic tub which I identified as "M," Detective Carlton Conway of the Homicide Unit requested that any impressions of prints lifted from the items be compared to known prints of Lana Canen. I then located from the Elkhart Police Department Records Division an ink and rolled finger/palm print card for Lana Canen dated April 14, 2003 which I sealed with the latent print lifters to forward to the examiner for comparison.

8.) Attached to my affidavit is Exhibit C, an accurate copy of my three page Case Supplemental Report dated 9/2/03 which I prepared and which accurately states what I observed, and the actions I performed on August 27 and 28, 2003, to process for latent prints the items requested by Lt. Snider, including a plastic tub containing medicine bottles found on the stove in Sailor's apartment.

9.) At the time I processed the items requested by Lt. Snider, the Indiana State Police had not provided any results to the May 8, 2003, Request for Laboratory Examination and due to personnel changes at its laboratory, continued delays were to be expected.

10.) To avoid the continued delay of getting the print examination completed by the Indiana State Police print examiner, I asked Elkhart County Deputy Sheriff Dennis Chapman on August 29, 2003, if he was willing to perform the latent print examination and to give an opinion on any match and he said that

he was, so the lifted prints and the ink and rolled print card were delivered to him. Chapman was selected because he held himself out in the law enforcement community as experienced Federal Bureau of Investigation's trained fingerprint examiner and forensic witness who could testify about his opinion and because the Elkhart Police Department and other departments in the area had used him in cases where he examined prints and offered opinions in past trials. I had never been given any information that Chapman was unqualified to render such opinions.

11.) On March 5, 2004, Deputy Chapman returned all of the latent print impressions and ink and rolled card along with his written Supplementary Report which contained his opinion that the latent print marked as "M" lifted from the plastic tub matched the known print of the left little finger of Canen as shown in an Elkhart County Sheriff's Department print card. I gave that report to Lt. Detective Paul Converse.

12.) Attached as Exhibit D to my affidavit is an accurate copy of Chapman's report that he delivered to me.

13.) Attached as Exhibit E to my affidavit is an accurate copy of my Case Supplemental Report dated 3/5/04.

Further affiant sayeth not.

_____
Joel Bourdon

STATE OF INDIANA          )
                          ) SS:
ELKHART COUNTY            )
(where signed)

Subscribed and affirmed before me on the 10th day of July, 2015.

Notary's Commission
Expires:  November 23, 2016

_____
Signature of Notary Public

Notary's County of
Residence:  La Porte County

Natasha J. Felton
Printed Name of Notary Public