UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANA CANEN,                          )
                                     )
          Plaintiff,                 )
                                     )
     vs                              ) Case No.
                                     ) 3:14-cv-315-RL-CAN
DENNIS CHAPMAN and MARK DAGGY,       )
                                     )
          Defendants.                )
                                     )

The Deposition of DENNIS E. CHAPMAN

Date:    Tuesday, November 18, 2014

Time:    10:20 a.m.

Place:   Yoder, Ainlay, Ulmer & Buckingham
         130 North Main Street
         Goshen, Indiana

Called as a witness by the Plaintiff

in accordance with the Federal Rules of Civil

Procedure for the United States District

Court, Northern District of Indiana, South Bend

Division, pursuant to Notice.

Before Charolette A. Martinez, CSR 11983
Notary Public, St. Joseph County, Indiana

MIDWEST REPORTING, INC.
1448 Lincolnway East
South Bend, Indiana  46613



EXHIBIT 15

1                the trial.
2     BY MR. SUTHERLIN:
3     Q.  I didn't hear the first part.
4     A.  **I was scheduled for it.  I was at court, ready to
5         testify for it, but they stipulated to the prints.**
6     Q.  So you never testified?
7     A.  **No.  I never testified.**
8     Q.  When asked on page 89 of the PCR hearing, "Okay.
9         So was there any portion of that training that
10        dealt with comparing latent fingerprints" -- and
11        that's referring to your training at the FBI and at
12        Cook Nuclear Plant -- and you answered, "No."
13        Isn't that correct?
14    A.  **At that time, yes, I did answer, "No" for that
15        question.**
16    Q.  Because you had no training at that time before the
17        Lana Canen trial?
18    A.  **I had training on fingerprints, how to compare them.**
19    Q.  The question was:  Had you had -- had you had any
20        training that dealt with comparing latent
21        fingerprints?  Do you want to see your answer?
22    A.  **I know what it says.  I told you, comparing
23        fingerprints is fingerprints.**
24    Q.  But you got this one wrong, didn't you?
25    A.  **Correct.  I'm human.**

Lana Canen -vs-
Dennis Chapman and Mark Daggy

USDC IN/ND case 3:14-cv-00315-RL   document 36-32   filed 07/14/15   page 3 of 9

Dennis Chapman
November 18, 2014

Page 85

1  A.  Their evidence crime scene guy, Joel Bourdon.

2  Q.  Do you recall any conversation you had with him?

3  A.  Not right offhand.

4  Q.  Did anybody specifically tell you -- any
5     representative from the City of Elkhart Police
6     Department that you were under pressure to get
7     these analyses back right away?

8  A.  No.

9  Q.  What did you receive from the City Police
10    Department, if you can recall, to review and to
11    base your opinion upon that the latent fingerprint
12    was a match with Lana Canen's ten-point
13    fingerprints?

14  A.  I don't understand -- I don't understand your
15    question.

16  Q.  What were you -- what documents or evidence were
17    you given to review in the Lana Canen case?

18  A.  To review?

19  Q.  Yes.

20  A.  I received fingerprint cards --

21  Q.  Okay.

22  A.  -- and latent prints from the crime scene.

23  Q.  Okay.

24  A.  And I believe a medicine bottle, too --

25  Q.  Okay.

1   A.   -- with prints on it.
2   Q.   And that was it?  Is that a complete list?
3   A.   As far as I know.  I don't recall.
4   Q.   Okay.  I'm going to hand you what is marked as
5        Plaintiff's Exhibit 13, and ask if you can identify
6        that.
7   A.   From Elkhart City, it looks like.
8   Q.   Can you identify that?
9   A.   They're from the Elkhart Police Department.
10  Q.   What are you looking at?
11  A.   This one is a photo of Lana Canen.
12  Q.   Okay.  And what else besides the photo?
13  A.   Looks like her arrest report.
14  Q.   And what else?  Does it include fingerprints?
15  A.   Yes.
16  Q.   Okay.  Are these the fingerprints that you were
17       shown and asked to match up with the latent
18       fingerprints?
19  A.   I believe they sent a set over, but I didn't use that
20       set.
21  Q.   I didn't catch the last part.
22  A.   I didn't use their set of prints.
23  Q.   Which set did you use?
24  A.   The ones on file with the County.
25  Q.   Okay.  Why didn't you use theirs?

```
 1   A.  Because they weren't very good prints.
 2           MR. SUTHERLIN:  Okay.  Go off the
 3       record a minute.  I'm looking for
 4       something.
 5           (Off the record.)
 6           MR. SUTHERLIN:  Okay.  We're back on
 7       the record.
 8           Would you mark that?
 9           (Plaintiff's Exhibit No. 33 marked.)
10   BY MR. SUTHERLIN:
11   Q.  I thought this was introduced previously.  I can't
12       find it, so -- do you recognize Plaintiff's
13       Exhibit 33?
14   A.  It would be a copy of a lift card from a med tub.
15       And a set of fingerprints, but I don't know who
16       they're from.
17   Q.  Do any of those notations on Exhibit -- is it
18       33? -- are those in your handwriting --
19   A.  No.
20   Q.  -- on any of the pages?
21   A.  No.  None of them.
22   Q.  So those notations there with regard to -- second
23       page.  Go back there a minute.
24   A.  This one?
25   Q.  Yes.  Those are not your notations?
```

1   A.  No.
2   Q.  Okay. What did you do with the material that you
3       were given to review and offer an opinion? Did you
4       return it to the police department?
5   A.  Yes.
6   Q.  You didn't keep a separate file?
7   A.  **Evidence would go back to Elkhart City.**
8   Q.  Right. But you said that you had your own County
9       ten-point fingerprints. What did you do with
10      those?
11  A.  **Put those back in records.**
12  Q.  So those went back to records?
13  A.  **Right.**
14  Q.  So you returned the latent fingerprint card to the
15      Elkhart City Police?
16  A.  **Correct.**
17  Q.  And did they give you anything else besides just
18      the latent fingerprint card?
19  A.  **Well, I had several latents in the -- several**
20      **fingerprint cards.**
21  Q.  Okay. So you had several?
22  A.  **Right.**
23  Q.  And then --
24  A.  **I think six -- I believe 16 print cards and maybe**
25      **13 lifts.**

Page 89

1  Q. You have to speak up because she's -- sounded like
2     you were mumbling there.
3  **A. Well, I'm kind of thinking out loud. I believe there**
4  **was 16 print cards and 13 lifts, but I could have**
5  **them reversed. I'm not sure.**
6  Q. Okay. And then you wrote a report on that?
7  **A. One report.**
8  Q. One report. And that was given to whom?
9  **A. Joel Bourdon.**
10 Q. And Joel was the second chair of the prosecution?
11 **A. I don't know what he was.**
12 Q. You don't know what his role was?
13 **A. He was -- he's one of their crime scene**
14 **investigators.**
15 Q. Oh, okay. I'm thinking of somebody else.
16    Nevermind.
17    So you gave it to one of the crime scene
18    investigators for the Elkhart City Police
19    Department?
20 **A. Right.**
21 Q. And did you have a conversation with him that
22    supplemented your written report?
23 **A. Not that I recall.**
24         MR. SUTHERLIN: Okay. I don't have
25         anything else.

1                          CERTIFICATE

2         I, Charolette A. Martinez, a Notary Public, in and

3    for the County of St. Joseph and State of Indiana, do

4    hereby certify there appeared before me, DENNIS E.

5    CHAPMAN, on Tuesday, November 18, 2014, who was duly

6    sworn to testify the truth, the whole truth, and

7    nothing but the truth to questions propounded at the

8    taking of the foregoing deposition in a cause now

9    pending and undetermined in said court;

10        I further certify that I then and there reported

11   stenographically the proceedings at the said time and

12   place; that the proceedings were then transcribed from

13   my original shorthand notes; and that the foregoing

14   transcript is a true and correct record thereof;

15        IN WITNESS WHEREOF, I have hereunto set my hand

16   and affixed my notarial seal this 24th day of November,

17   2014.

18

19

20

21

22                    Charolette A. Martinez, CSR
                      Notary Public, State of Indiana
                      Residence:  St. Joseph County
23                    Commission Expires:  12-18-2022

24

25

Page 94

```
 1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
 2                  SOUTH BEND DIVISION

 3   LANA CANEN,                     )
                                     )
 4              Plaintiff,           )
                                     )
 5      vs                           ) Case No.
                                     ) 3:14-cv-315-RL-CAN
 6   DENNIS CHAPMAN and MARK DAGGY,  )
                                     )
 7              Defendants.          )
                                     )
 8
 9              DENNIS E. CHAPMAN
10      I hereby acknowledge that I have read the foregoing
11   deposition transcript regarding the case of Canen Vs.
12   Daggy, taken on November 18, 2014, and that the same is a
13   true and correct transcription of the answers given by me
14   to the questions propounded, except for the additions or
15   changes, if any, as noted on the attached errata sheet.
16
17
18              _____
                DENNIS E. CHAPMAN
19
                Subscribed and sworn to me
20              this _____ day of _____,
                2014, A.D.
21
22
                Notary Public or Witness_____
23              State of _____
                County of _____
24              My commission expires:_____
25
```