# EXHIBIT G

Certified copy of Amendment to Petition for Post-Conviction Relief filed June 21, 2012 in *Lana R. Canen v. State of Indiana*, Elkhart Circuit Court, Cause No. 20C01-0908-PC-00018

STATE OF INDIANA    )       IN THE ELKHART CIRCUIT COURT
                        ) SS:
COUNTY OF ELKHART  )      CAUSE NOs.     20C01-0908-PC-18
                                        20C01-0409-MR-118

LANA R. CANEN      )
     Petitioner,      )
                       )             FILED
     v.              )
                       )        JUN 2 1 2012
STATE OF INDIANA    )
     Respondent.    )     CLERK ELKHART
                                 CIRCUIT COURT

## AMENDMENT TO PETITION FOR POST-CONVICTION RELIEF

Petitioner, Lana R. Canen, by counsel, Cara Schaefer Wieneke, Special

Assistant to the State Public Defender, pursuant to Indiana Post-Conviction Rule

1(4)(c) now amends her *pro se* Petition for Post-Conviction Relief previously filed on

August 27, 2009 by substitution of the following paragraphs for those enumerated

(8) and (9) in the original Petition:

8.     (a)    First, trial counsel provided ineffective assistance in violation of

the Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1,

Section 13 of the Indiana Constitution.

          (b)    Alternatively, evidence proving that the source of the latent

print found at the scene of the murder was not Petitioner constitutes newly-

discovered evidence.

          (c)    Finally, the continued denial of Petitioner's access to the

original latent print evidence collected in this case is in violation of the Due Process

Clause of the Fourteenth Amendment to the U.S. Constitution and Article 1,

Section 12 of the Indiana Constitution.

1

9.   <u>Brief Statement of Relevant Facts in Support of Petitioner's Claims</u>

On Thanksgiving 2002 Helen Sailor, an elderly tenant of the Waterfall Highrise Apartments in Elkhart, was murdered. The State's theory was that Andrew Royer and Petitioner, also tenants of the Waterfall Highrise Apartments, entered Sailor's apartment, robbed her, and strangled her. Royer and Petitioner were jointly tried for felony murder.

The primary evidence against Royer was two recorded statements in which he confessed to killing Sailor. The primary evidence against Petitioner was testimony from a police detective that her fingerprint was found on a tupperware container inside Sailor's home that was believed to have been handled by the killer.

In her closing arguments at trial, the prosecutor described the tupperware container as "incredibly important" evidence. [R. at 724]. In fact, the prosecutor summarized the evidence presented against Petitioner as follows: "Then we start to come to the evidence against Lana Canen. All of Tuesday was pretty much spent focusing on what was against Andrew Royer. Today we learned why Lana Canen is also guilty of this crime." [R. at 730]. Thereafter, the prosecutor discussed the tupperware container and described it as "the most important piece of evidence in this case . . . ." [R. at 730]. In summation, the prosecutor argued,

> The only reasonable conclusion, folks, is that the pill container was moved contemporaneous or near the same time of Helen's murder and Lana's print was on it. . . . Because to find [Royer and Canen guilty], all you have to do is look at [Royer's] statement and see [Canen's] fingerprint.

[R. at 732-33, 734-35].

Petitioner was found guilty of felony murder and sentenced to 55 years in prison. She unsuccessfully appealed her conviction and sentence. Thereafter, she filed a *pro se* petition for post-conviction relief. Undersigned counsel was eventually appointed to investigate Petitioner's claims. As part of her investigation, counsel hired a certified latent print examiner to conduct an independent comparison of the print evidence used at trial to convict Petitioner.

On February 14, 2011, counsel filed a motion for discovery, requesting that she be granted access to the original latent print evidence collected in this case so that it could be analyzed by the independent examiner. The State objected, and this Court ordered that counsel investigate whether trial counsel had hired an examiner during trial to analyze the print evidence.

On May 6, 2011, counsel filed her notice with the Court regarding the results of her investigation, and a renewed motion for discovery, again requesting that she be given the opportunity to have the original latent print evidence analyzed by the independent examiner.

Having been unable to obtain the original latent print evidence, counsel sent the independent examiner high-resolution copies of the fingerprint photos admitted as evidence at trial and used by the detective to illustrate the analysis he performed on the latent print. The independent examiner concluded that Petitioner was <u>not</u> the source of the latent print found on the tupperware container in the victim's home.

3

As a result, on May 10, 2012 counsel filed a motion requesting that the original print evidence collected in this case, to which she had up to this point been denied access, be submitted for examination by the Indiana State Crime Lab, a laboratory that employs certified latent print examiners and is used regularly by prosecutors around the state. After a status hearing on the motion, where the State again objected to counsel's request, this Court set the matter for a status hearing on August 2, 2012, just 14 days prior to the scheduled evidentiary hearing in this case.

<u>Petitioner's Post-Conviction Claims</u>

(a)    Trial counsel provided ineffective assistance of counsel by failing to properly challenge the latent print evidence presented against Petitioner at trial, resulting in counsel's inability to present an adequate defense on Petitioner's behalf. In order to prove a claim of ineffective assistance of trial counsel, one must satisfy both prongs of the following test: a showing that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms ("deficient performance"); and a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different ("prejudice"). *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The key piece of evidence presented against Petitioner at trial was testimony from Detective Dennis Chapman, alleging that Petitioner was the source of a latent print found on a tupperware container in the victim's apartment that was believed to have been touched by the killer. But Detective Chapman was not qualified to conduct latent print comparisons. Had trial counsel properly investigated Detective

4

Chapman's lack of qualifications, he would have learned that Detective Chapman was not qualified to determine the source of the latent print.

Furthermore, while counsel apparently hired a retired detective to "verify" Detective Chapman's conclusion, counsel failed to hire an examiner qualified to conduct latent print comparisons. Because defense counsel's examiner also lacked the qualifications to conduct latent print comparisons, he, too, erroneously believed that Petitioner may have been the source of the latent print. Thus, counsel failed to discover that the latent print found on the tupperware container did not belong to Petitioner.

Finally, had counsel hired a qualified latent print examiner to analyze the key piece of evidence against Petitioner in this case, he would have learned that Petitioner was not the source of the latent print found on the tupperware container. A qualified examiner would have assisted counsel in properly challenging the admissibility of Detective Chapman's testimony at trial, and in conducting a vigorous cross-examination of Detective Chapman and his faulty conclusion. Additionally, a qualified examiner would have enabled counsel to present exculpatory evidence on Petitioner's behalf that showed that she was not the source of the print believed to have been left by the actual murderer.

Had counsel not rendered deficient performance, as discussed above, there is a reasonable probability the result of the trial would have been different. Douglas Garman, the victim's grandson, testified at Petitioner's sentencing hearing. He stated that he sat through the entire trial, from jury selection to pronouncement of

the verdict, because he wanted to assume the role of a juror and listen to the evidence as it was presented. [Sent. Tr. at 26]. Garman indicated that he agreed with the jury's verdict. He articulated his reasons for believing Petitioner was guilty as follows:

> Probably the most aggravating thing to me as a juror sitting in the audience is the fact that if she would have not told a lie, a simple "I've been in the apartment before," she would probably not be sitting where she's sitting right now. But since she told a lie, remained telling a lie, "I've never been in that apartment," and that fingerprint was matched the way it was, that was enough to convince me as a juror.

[Sent. Tr. at 27-28].

This insight, coupled with the State's arguments during her closing that the print evidence was the "most important piece of evidence in this case" demonstrates that had counsel properly challenged the latent print evidence and presented evidence proving that the print found on the tupperware container did not belong to Petitioner, in Garman's words Petitioner "would probably not be sitting where she's sitting right now." Thus, Petitioner suffered prejudice as a result of counsel's deficient performance.

(b)     Assuming for the sake of argument that counsel did not render deficient performance at trial by taking steps, however inadequate, to review Detective Chapman's conclusion, the discovery after trial that Petitioner was not the source of the latent print constitutes newly-discovered evidence. Indiana Post-Conviction Rule 1 (1)(a)(4) provides, in pertinent part, that any person who has been convicted and sentenced for a crime and who claims "that there exists evidence of material facts, not previously presented and heard, that requires vacation of the

conviction or sentence in the interest of justice" may raise such a claim in post-conviction proceedings. The discovery of new evidence requires a new trial when the petitioner demonstrates the following:

> (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial.

*Carter v. State*, 738 N.E.2d 665, 671 (Ind. 2000).

Assuming that trial counsel's efforts in hiring an examiner to "verify" Detective Chapman's conclusion was considered "due diligence" and, thus, not deficient performance, then the recent discovery of Petitioner's exclusion as the source of the latent print meets all nine requirements listed above and qualifies as newly-discovered evidence.

(c)    Petitioner has repeatedly asked for, through formal requests to the Court and informal requests to the prosecutor, an opportunity to have the original latent print evidence examined by an independent qualified latent print examiner. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (Ind. 1963). Such evidence is discoverable even after conviction. *See Sewell v. State*, 592 N.E.2d 705, 708 (Ind. Ct. App. 1992), *trans. denied* (holding *Brady* evidence was discoverable in post-conviction proceedings "notwithstanding a lack of strict compliance with normal discovery procedures").

The State has objected to Petitioner's repeated requests, arguing that it has an interest in preserving the finality of judgments and that Petitioner has no right to discover the same evidence twice. However, as the Court of Appeals of Indiana noted in *Sewell*, "the *Brady* rule can operate to require disclosure of evidence not otherwise discoverable." *Sewell*, 592 N.E.2d at 707. This is particularly true where, as in this case, Petitioner has established the likelihood of a favorable result on retesting. Thus, the exculpatory potential of this evidence is very high.

The State has also argued that Petitioner's certified latent print examiner was biased because she is a "hired gun" for the defense. In response, Petitioner suggested that the original evidence be submitted to the Indiana State Crime Lab, a laboratory that the State must admit has no bias toward the defense, for an independent examination. The State objected to this request as well. A motion on this request is still pending as of the date of filing of this Amendment.

If Petitioner is still denied access to the original latent print evidence so that a full independent examination can be done, such a denial is in violation of her right to the due process of law under both the State and Federal Constitutions.

WHEREFORE, Petitioner, by counsel, amends her *pro se* petition for post-conviction relief previously filed on August 27, 2009 by substitution of the above paragraphs.

Respectfully submitted,

*Cara Schaefer Wieneke*

Cara Schaefer Wieneke
Special Ass't to the State Public Defender
WIENEKE LAW OFFICE, LLC
P.O. Box 188
Plainfield, Indiana 46168
PH (317) 331-8293
FX (317) 839-0536
E-mail: cara@wienekelaw.com
Attorney Number 24374-49

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following, via U.S.

Mail, postage prepaid, on this 18th day of June, 2012:

David Francisco
Elkhart County Prosecutor's Office
301 South Main Street, Suite 100
Elkhart, Indiana 46516

*Cara Schaefer Wieneke*

Cara Schaefer Wieneke
Special Ass't to the State Public Defender
WIENEKE LAW OFFICE, LLC
P.O. Box 188
Plainfield, Indiana 46168
PH (317) 331-8293
FX (317) 839-0536
E-mail: cara@wienekelaw.com
Attorney Number 24374-49

9

# CLERK'S CERTIFICATE

STATE OF INDIANA,

ss:

ELKHART COUNTY,

I, **Wendy Hudson** , Clerk of the Elkhart **Circuit** Court within and for the

County of Elkhart and State of Indiana, the same being a Court of Record, having a Seal, do hereby certify that the

above and foregoing is a full , true and complete and correct copy of the

## AMENDMENT TO PETITION FOR POST-CONVICTION RELIEF

### 9 Pages
### Filed with Court on: 06/21/2012

### IN RE
### The State of Indiana
### VS

### LANA RAE  CANEN
### CAUSE #:   20C01-0409-MR-00118

As the  same remains on file and appears of record in said Court, and of which files and records I am the legal custodian.

IN WITNESS WHEREOF, I  have hereunto set
My hand and affixed the Seal of said Court at the city
of **Goshen,** Indiana, this 1st day of April,  2015.

_____

Clerk Elkhart Circuit Court